UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

OTIS B. BLEDSOE,

        Petitioner,

        v.                             Case No. 05-CV-1217

MATTHEW J. FRANK,

        Respondent.

_____

**ORDER**

In an order dated November 30, 2005, the court dismissed Otis B. Bledsoe's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after concluding that Bledsoe's petition was untimely under 28 U.S.C. § 2244(d), and that it presented claims that were procedurally defaulted. The court granted Bledsoe permission to file a brief addressing the timeliness of his petition and to give Bledsoe the opportunity to show cause for the procedural default. Bledsoe filed a responsive brief on December 12, 2005. For the reasons stated below, the court is obliged to dismiss Bledsoe's petition with prejudice.

Bledsoe presents two claims in his habeas petition. First, he claims that his appellate counsel was ineffective for failing to challenge trial counsel's failure to object to opening statements that allegedly constituted inadmissible hearsay. Second, Bledsoe claims that his appellate counsel was ineffective for failing to

challenge an error by trial counsel and the trial court of failing to give a proper jury instruction with respect to a burglary charge.[1]

Bledsoe asserts that his habeas petition was timely under § 2244(d)(1)(D), which restarts the one-year limitation period from the date on which the factual predicate of the claims presented could have been discovered through the exercise of due diligence. *Id.* Bledsoe claims that an "inmate/jailhouse attorney" discovered the claims that were the subject of Bledsoe's federal habeas petition and his second Wis. Stat. § 974.06 motion for post-conviction relief, and as a result, the one-year limitation period should have restarted when the other inmate discovered these new claims on December 23, 2003. (Pet'r Br., 4). However, the discovery of potential ineffective assistance of appellate counsel claims by another inmate does not constitute the discovery of a new factual predicate under § 2244(d)(1)(D).

Bledsoe does not provide any reason for why he could not have discovered the factual predicate of the ineffective assistance of appellate counsel claims through the exercise of due diligence before the § 2244(d) one-year period of limitation expired. While the claims in Bledsoe's habeas petition may have been new to him after the § 2244(d) period of limitation expired, that does not lead the court to conclude that the factual predicate of the claims could not have been discovered by Bledsoe at an earlier date. Rather, the court concludes that the factual predicate of Bledsoe's ineffective assistance of appellate counsel claims

---

[1] According to the habeas petition, the same attorney represented Bledsoe on direct appeal and in his post-conviction proceedings. Bledsoe identified the attorney in his habeas claims as "postconviction [sic] counsel," however, it appears his claims refer to the attorney's actions as Bledsoe's appellate counsel.

could have been discovered through the exercise of due diligence before the period of limitation expired, and § 2244(d)(1)(D) did not restart the limitation period for Bledsoe's habeas petition when the "inmate/jailhouse attorney" pointed out the potential new claims to Bledsoe.

Bledsoe also argues that the period of time from June 3, 2004, when the Wisconsin Court of Appeals affirmed the denial of his first § 974.06 motion for post-conviction relief, to September 2004, when he filed his second § 974.06 motion for post-conviction relief, should not count towards the § 2244(d) one-year limitation period. Bledsoe contends that the court should have tolled the limitation period under § 2244(d)(2) until the judgment in his second § 974.06 motion became final. In support of this claim, Bledsoe asserts that the exhaustion requirements of § 2254(b) required him to file the second § 974.06 motion before raising those claims in a federal habeas petition. (Pet'r Br., 5).

Citing *Deerwester v. Carter*, 26 F. Supp. 2d 1080 (C.D. Ill 1998), Bledsoe points out that the period of time between receiving an adverse decision in one court and appealing to the next higher court is tolled under § 2244(d)(2). *Id.* at 1082 (holding that an action was "pending," for purposes of § 2244, until a final judgment is rendered and appeal or reconsideration is no longer an option). However, unlike the petitioner in *Deerwester* who applied for a writ of certiorari from the U. S. Supreme Court, Bledsoe's filing of a second § 974.06 motion in September 2004, was not an appeal to a higher court.

-3-

Bledsoe's first § 974.06 motion for post-conviction relief was not pending after the Wisconsin Court of Appeals rendered a final judgment on June 3, 2004. In that opinion, the Wisconsin Court of Appeals held that it lacked jurisdiction to address the merits of the trial court's order denying Bledsoe's motion for reconsideration under *Silverton Enters., Inc. v. Gen. Cas. Co.*, 143 Wis. 2d 661, 665, 422 N.W.2d 154 (Wis. Ct. App. 1988) (holding that an appeal cannot be taken from an order denying a motion to reconsider which presents the same issues as those determined in the order or judgment sought to be reconsidered). There was no pending post-conviction motion between the date that the judgment of Bledsoe's first § 974.06 motion became final on June 3, 2004, and the date that Bledsoe filed his second § 974.06 motion in September 2004. As such, this amount of time is counted against the one-year period of limitation under § 2244(d). Given that only two days remained in the § 2244(d) limitation period when Bledsoe filed his first § 974.06 motion, his federal habeas petition was rendered untimely on June 5, 2004, two days after the date that the judgment of his first § 974.06 motion became final.

The claims that Bledsoe raised in his federal habeas petition are also barred by procedural default. Prior to filing his federal habeas petition, Bledsoe raised the same claims of ineffective assistance of appellate counsel in his second § 974.06 motion for post-conviction relief. The Wisconsin state courts did not review these claims because the Wisconsin Court of Appeals held that Bledsoe was procedurally barred from raising new claims in a second § 974.06 motion, which he could have

-4-

raised in his first § 974.06 motion. *See State v. Lo*, 2003 WI 107, 264 Wis. 2d 1, 665 N.W.2d 756 (Wis. 2003) (holding that claims of error that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 motion, absent a showing of a sufficient reason). Accordingly, this court determined that the Wisconsin Court of Appeals' decision rested on a state ground, independent of the federal question and adequate to support the judgment, and as a result, the claims in Bledsoe's federal habeas petition were barred by procedural default. *See Page v. Frank*, 343 F.3d 901, 905 (7th Cir. 2003) (holding that the independent and adequate doctrine bars federal habeas review where a state court has declined to address a prisoner's claims because the prisoner has failed to meet a state procedural requirement).

The district court is barred from considering a claim if it has been procedurally defaulted by the petitioner. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001). A state prisoner procedurally defaults a constitutional claim in a federal habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *see also Hough*, 272 F.3d at 892. A state prisoner may also procedurally default a constitutional claim in a federal habeas petition by failing to raise the claim in a manner prescribed by state procedural laws*. Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). In the event a federal habeas petition contains a constitutional claim which was procedurally defaulted for any reason, the district court may still review the claim,

but only if the state prisoner can demonstrate adequate cause for his failure to raise the claim and actual prejudice as a result of the default, or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Id.* at 999. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

To show adequate cause for a procedural default, the petitioner must point to "some objective factor external" to the petitioner, like interference by prison officials, that impeded the petitioner's ability to exhaust the state review options. *Murray*, 477 U.S. at 488. The cause for the default must be "something that cannot fairly be attributed" to the petitioner. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 762 (3d Cir. 1996) (holding that petitioner's own delay was not sufficient cause).

Here, Bledsoe fails to point to "some objective factor external" to him which impeded his ability to raise the procedurally defaulted claims in his first § 974.06 motion for post-conviction relief, or impeded his ability to file a timely appeal from the denial of his first § 974.06 motion. Bledsoe contends that the allegedly ineffective assistance of his post-conviction counsel provided sufficient reason for not raising the issues in his first § 974.06 motion. (Pet'r Br., 9) (citing *State ex rel. Rothering v. McCaughtry*, 556 N.W.2d 136, 139 (Wis. Ct. App. 1996)). However, the Wisconsin Court of Appeals determined that if Bledsoe thought there was error

-6-

in the denial of his first § 974.06 motion, he should have timely appealed from it. *State v. Bledsoe*, Case No. 2004AP2632, 3 (Wis. Ct. App. Aug. 17, 2005). Because Bledsoe did not file a timely appeal from the denial of his first § 974.06 motion, the Wisconsin Court of Appeals did not have jurisdiction to review the order of the trial court denying his first § 974.06 motion. *Id.* Bledsoe did not indicate that there was "some objective factor external" to him which impeded his ability to file a timely appeal from the denial of his first § 974.06 motion. Additionally, the fact that another inmate pointed out new potential claims to Bledsoe after he had already filed a § 974.06 motion and the one-year period of limitation under § 2244(d) expired, does not constitute adequate cause for the procedural default.

Bledsoe also asserts that his second § 974.06 motion for post-conviction relief was barred by inadequate state law under the independent and adequate doctrine articulated in *Page*, 343 F.3d at 905 ("A federal court entertaining a petition for a writ of habeas corpus will not review a question of federal law if it determines that the state decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment."). (Pet'r Traverse, 4). Bledsoe claims that the Wisconsin Court of Appeals decision in *State v. Rumage*, 2000 WI App 233, 239 Wis. 2d 233, 619 N.W.2d 307 (Wis. Ct. App. 2000), supports his assertion that, under Wisconsin common law, a claim of ineffective assistance of appellate or post-conviction counsel constitutes a sufficient reason to permit a petitioner to raise previously unraised issues in a second § 974.06

-7-

motion. Thus, Bledsoe asserts, the Wisconsin state court orders that procedurally barred the claims in his second § 974.06 motion rested on inadequate or inconsistently applied state law. (Pet'r Traverse, 4).

Bledsoe asserts that since the court in *Rumage* discussed the conduct of Rumage's post-conviction counsel, the Wisconsin courts should have determined whether Bledsoe's claim of ineffective assistance of post-conviction counsel provided sufficient reason to permit Bledsoe to raise new claims in a second § 974.06 motion. The court in *Rumage* determined that there was no basis to conclude that Rumage's post-conviction counsel was ineffective for not raising in Rumage's first § 974.06 motion, the claims Rumage raised *pro se* in his second § 974.06 motion. *Id.* at ¶ 6. Thus, the court concluded that Rumage did not provide a sufficient reason for his failure to bring his claims to the trial court's attention at the time of his first § 974.06 motion. *Id.* As such, Rumage's claims were barred by § 974.06(4). *Id.*

Similarly, the Wisconsin Court of Appeals concluded that Bledsoe did not provide sufficient reason for his failure to bring his claims of ineffective assistance of appellate counsel to the trial court's attention at the time of his first § 974.06 motion, or for his failure to file a timely appeal of the denial of his first § 974.06 motion. *State v. Bledsoe*, Case No. 2004AP2632 (Wis. Ct. App. Aug. 17, 2005). Although the Wisconsin Court of Appeals did not address the conduct of Bledsoe's post-conviction counsel, the court determined that if Bledsoe thought there was

-8-

error in the trial court's denial of his first § 974.06 motion, he should have timely appealed from it. *Id.* Given that Bledsoe provided no reason for his failure to file a timely appeal from the denial of his first § 974.06 motion, the Wisconsin Court of Appeals applied the rule articulated in *Lo*, 2003 WI 107 at ¶ 15, 264 Wis. 2d at 9, 665 N.W.2d at 760, that claims of error that could have been raised on direct appeal or in a previous § 974.06 motion are barred from being raised in a subsequent § 974.06 motion, absent a showing of a sufficient reason. *Id.* Thus, this court concludes that the Wisconsin Court of Appeals' decision rested on a state ground independent and adequate to support the judgment, and as a result, the claims in Bledsoe's federal habeas petition are barred by procedural default.

Finally, Bledsoe claims that, but for his appellate counsel's errors and the alleged improper jury instruction, he would not have been convicted. (Pet'r Traverse, 6). Bledsoe, however, does not claim that he is actually innocent. In light of the foregoing, the court concludes that Bledsoe does not present the court with credible reasons for why he is actually innocent or that his conviction resulted from a fundamental miscarriage of justice.

Accordingly,

**IT IS ORDERED** that Bledsoe's petition for a writ of habeas corpus (Docket #1) be and the same is hereby **DISMISSED** with prejudice.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this ___27th___ day of April, 2006.

BY THE COURT:

s/ J. P. Stadtmueller

J. P. Stadtmueller
U.S. District Judge

-10-